March 2,
   1937.

OPINION OF THE JUSTICES.

*To the House of Representatives:*

The Justices of the Supreme Court make the following answer to the inquiry contained in your resolution of February 10, concerning the constitutionality of House Bill No. 380.

The bill provides for the appointment of a Milk Control Board of three members, who "shall have power to supervise, regulate and control the production, distribution and sale of milk within the state," to designate marketing areas and to "fix the just and reasonable minimum and maximum prices" of milk when certain conditions are found to exist.

So far as sections 5 and 10 of the act purport to confer upon the board general authority to regulate and control the milk industry they are invalid as comprising an unrestricted delegation of legislative power. *Ferretti* v. *Jackson, ante,* 296. The same is true of section 13, which relates to conferences and agreements with legally constituted boards of other states.

We find nothing unconstitutional, however, in the provisions of section 6. The "policy and standard for action have been announced with adequate completeness" (*Ferretti* v. *Jackson, supra*);

the power of the board to establish prices is dependent on the prevalence of an economic condition injurious to public health in a definite marketing area, and the existence of this condition in such area must first be found as a fact after public notice and hearing; the prices fixed by the board are not permanent but may be changed when the public interest so demands.

"Under our form of government the use of property and the making of contracts are normally matters of private and not of public concern.  The general rule is that both shall be free of governmental interference."  *Nebbia* v. *New York*, 291 U. S. 502, 523.  But many decisions "show that the private character of a business does not necessarily remove it from the realm of regulation of charges or prices."  *Ib.*, 535.

"If the law-making body within its sphere of government concludes that the conditions or practices in an industry make unrestricted competition an inadequate safeguard of the consumer's interests, produce waste harmful to the public, threaten ultimately to cut off the supply of a commodity needed by the public, or portend the destruction of the industry itself, appropriate statutes passed in an honest effort to correct the threatened consequences may not be set aside because the regulation adopted fixes prices reasonably deemed by the legislature to be fair to those engaged in the industry and to the consuming public."  *Ib.*, 538.

Sections 14 to 33 inclusive relate to the method of procedure on appeals from orders or decisions of the board.  These sections are obviously patterned after the corresponding provisions of chapter 239 of the Public Laws and are valid.

The license fees established by section 8 do not exceed the probable expense of issuing the licenses and of inspecting and regulating the business licensed.  *State* v. *Angelo*, 71 N. H. 224, 229.  The fact that a milk dealer must take out a license under the provisions of chapter 163 of the Public Laws does not deprive the legislature of authority to require him to take out another license if he does business in a designated marketing area where prices have been fixed by the board.  17 R. C. L. 560, 561.  We entertain some doubt, however, as to the reasonableness of the provision which specifies two quarts as the maximum amount of milk that a distributor may sell daily in the marketing area without license.

That part of section 9 which authorizes any member of the board to examine all the books and records of a distributor is understood to refer to such books and records as the board may reasonably re-

quire the distributor to keep. The granting of any wider authority would be questionable.

It is our opinion that the act, except in the respects indicated, does not violate any provision of the state constitution.

JOHN E. ALLEN.
THOMAS L. MARBLE.
OLIVER W. BRANCH.
PETER WOODBURY.
ELWIN L. PAGE.

March 2, 1937.